UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-10 |
| | ) | |
| JULIAN C. WIDENER | ) | |

**MEMORANDUM AND ORDER**

     This matter is before the Court on the defendant's motion to terminate supervised release [Doc. 80]. In support of his motion, the defendant states and the record reflects that he was sentenced to a term of imprisonment of 168 months, later amended to 132 months, followed by a 10-year term of supervised release [Docs. 66, 71]. Defendant has now completed five years of his term of supervised release without any violations. Since his release from prison, the defendant has participated in drug testing without any positive results and he has complied with all other conditions of supervision. The defendant is the sole proprietor of J&W International, a business that imports consumer goods, such as cellular phone cases, which he sells on Amazon.com and at local flea markets. Prior to forming his own business, defendant maintained steady employment at local businesses including The Tranzonic Companies, Republic Plastics, and Hardee's. The defendant resides with his family and he has no history of violence or mental health instability.

     The U.S. Probation Office reports that defendant began his term of supervised release on September 11, 2011, and he has completed a little over five years of his ten-year term of supervised release. The defendant has maintained a stable residence and

employment throughout his term of supervision, he has paid all court-ordered financial obligations, and he has complied with all of the conditions of supervision. The defendant had no aggravated role in the offense of conviction, he has incurred no arrests while on supervision, he has displayed no evidence of substance abuse or psychiatric episodes, and he appears to pose no identifiable risk to public safety. Therefore, the Probation Office does not object to the defendant's motion. The government has not responded to defendant's motion and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

Defendant pleaded guilty to and was sentenced to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On August 5, 2003, the defendant was sentenced to a term of imprisonment of 168 months and a ten-year term of supervised release [Doc. 66]. The judgment was later amended to reduce defendant's term of imprisonment to 132 months [Doc. 71].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has completed over half of his ten-year term of supervised release; he has been in full compliance with the conditions of his supervision; and he maintains a stable residence and stable employment. In addition, his

supervising probation officer recommends early termination and the government has not opposed the request. It appears to the Court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc. 80] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

    **IT IS SO ORDERED.**

                                               s/ Thomas W. Phillips
                                       SENIOR UNITED STATES DISTRICT JUDGE